Filed 4/17/26  BlackSand Builders v. Mendoza CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| BLACKSAND BUILDERS, INC., | H052743 |
| Plaintiff and Respondent, | (San Benito County Super. Ct. No. CU2200259) |
| v. | |
| JOHN MENDOZA et al., | |
| Defendants and Appellants | |

This appeal arises from an action filed in 2022 by plaintiff BlackSand Builders Inc. against self-represented defendants, husband and wife John and Sally Mendoza, and their son Tom Mendoza (the Mendozas), for various claims related to the Mendozas' alleged misuse and misappropriation of assets, funds and business opportunities belonging to BlackSand.  The Mendozas' default was entered in April 2023, and a default judgment in favor of BlackSand was entered in June 2023.  On October 2, 2024, the trial court granted BlackSand's application to order the sale of the Mendozas' residence to satisfy the damages owed to BlackSand pursuant to the default judgment.

On appeal from the order granting the sale, the Mendozas raise several challenges regarding the default judgment.  For the reasons explained below, we affirm the order granting the sale.  We further conclude that to the extent the Mendozas' appeal is from the default judgment, such an appeal is untimely and is therefore dismissed.

# I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

## A.   *Relevant Factual Background*

In 2016, husband and wife John and Sally Mendoza, and BlackSand Investors, LLC (BSI) entered into an agreement to form the BlackSand corporation to provide general contracting and construction services in the greater Bay Area.  Pursuant to this agreement, John and Sally Mendoza were appointed as directors and officers of BlackSand, with a 45 percent ownership interest, and were in charge of managing all day-to-day operations, including obtaining clients, customers, and projects.  In exchange, BSI financed the startup and operational costs for the business and had a 55 percent ownership interest.

According to BlackSand's pleadings, BSI learned in July 2020 that John Mendoza had mismanaged a construction project, resulting in financial damage and significant delay to one of BlackSand's clients.  In the fall of 2020, the Mendozas also unilaterally cancelled the lease of the registered corporate headquarters and corporate phone number, changed the registered address and contact information of BlackSand, and liquidated all BlackSand corporate accounts.  In addition, BSI was informed that the Mendozas had been "usurping" corporate opportunities meant for BlackSand and pocketing the profits, including using BlackSand's funds, vehicles, financing, and assets for their own personal benefit.  When BSI attempted to obtain further information, the Mendozas refused to hold corporate and shareholder meetings, did not comply with requests for accounting, tax returns and additional documentation, and did not prepare a quarterly or annual report for its shareholders or call an election, as required by BlackSand's corporate bylaws.  Further, the Mendozas allowed BlackSand's license with the State Contractors' Licensing Board to

---

[1] In their notice designating the record on appeal, the Mendozas did not include several documents, including the operative complaint, the entry of default, or the default judgment.  The Mendozas also did not request that a register of actions be provided in the record on appeal.  Therefore, to the extent possible, we have drawn the relevant factual and procedural information from BlackSand's pleadings included in the record on appeal.

expire in May 2022 without informing BSI, thus preventing BlackSand from legally contracting for services; however, BSI believed that the Mendozas were continuing to conduct business in BlackSand's name, thus exposing BSI and BlackSand to potential legal and financial liability for unlicensed work.

As a result of the Mendozas' alleged actions, BlackSand terminated and removed the Mendozas from all executive and board positions and elected a new Board of Directors in December 2022.

## B.     *Complaint, Subsequent Proceedings, and Judgment*

On December 23, 2022, BlackSand filed a complaint in San Benito County Superior Court against the Mendozas for various causes of action arising out of the Mendozas' alleged misuse and misappropriation of assets, funds and business opportunities belonging to BlackSand, as well as the Mendozas' alleged actions of subjecting BlackSand to substantive liability by allowing BlackSand's contractor's license to lapse. According to BlackSand, the Mendozas did not file an answer or otherwise respond in writing to the complaint.

On January 6, 2023, the trial court granted BlackSand's ex parte application for a temporary restraining order (TRO) preventing the Mendozas from engaging in further actions either on behalf of BlackSand or that could be damaging to BlackSand. The trial court also ordered the Mendozas to produce necessary information, documentation, and inventory to BlackSand on or before January 23, 2023. At a subsequent hearing on January 27, 2023, based on the Mendozas' failure to provide the required documentation or inventory as ordered, the trial court found the Mendozas in contempt and issued fines and monetary sanctions against them.

On February 21, 2023, following a hearing, the trial court granted BlackSand's request for a preliminary injunction enjoining the Mendozas from the same actions identified in the January 6, 2023 TRO, and ordering the Mendozas to produce the necessary information, documentation, and inventory to BlackSand by March 3, 2023. According to

3

BlackSand, the Mendozas did not appear at this hearing despite being provided with notice by the court.

BlackSand subsequently filed a request for entry of default on April 6, 2023, which was granted. The record provided does not reflect that the Mendozas took any affirmative action to set aside the default.

On June 8, 2023, BlackSand filed a request to enter a default judgment against the Mendozas. In its filing, BlackSand indicated that it was requesting a total amount of $5,571,900 in compensatory damages, which were calculated as follows: (1) $597,000 from BSI's initial funding to the Mendozas for BlackSand's operational costs, including the Mendozas' salaries; (2) $1.2 million in expenses paid by BSI for the 2018 fiscal year; and (3) $3,774,900 in damages for fraud between 2018 and 2022, calculated based on a profit and loss statement provided by John Mendoza. BlackSand also requested that the court issue punitive damages in an amount not exceeding twice the compensatory damages, and attorney's fees totaling $37,500.

While the judgment was not provided in the record on appeal, the trial court indicated at a subsequent hearing that a default judgment was entered on June 21, 2023, with a notice of entry of judgment served on the Mendozas on June 27, 2023. The record does not reflect the Mendozas took any affirmative action to vacate, set aside, or otherwise contest the judgment.

## C.    *Post-Judgment Proceedings*

On October 11, 2023, the Mendozas were ordered to appear in court for an order of examination[2]; however, only John Mendoza appeared and indicated that Sally and Tom Mendoza were both unavailable. The parties were ordered to appear at a further order of

_____

[2] Pursuant to Code of Civil Procedure section 708.110 *et seq.,* a judgment creditor may request an order "requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment." (§ 708.110, subd. (a).)

examination on December 6, 2023. According to BlackSand, the Mendozas did not appear at this hearing.

At a subsequent hearing on October 2, 2024, the trial court addressed BlackSand's request for an order for the sale of the Mendozas' residence (located in Hollister) to satisfy the terms of the judgment. During the hearing, John Mendoza indicated that he was opposing the sale on the basis that the underlying judgment was unfair, included false accusations, and reflected a damages award that was "not even close" to accurate. In response, BlackSand noted that the judgment had already been entered over a year prior, and the Mendozas had been given opportunities to contest the judgment or otherwise litigate the case, which they chose not to do. The trial court agreed and indicated that it would not be changing any prior rulings and granted BlackSand's request for an order for the sale of the residence. Both BlackSand and the trial court noted that given the approximate time it would take before the house could be sold, there remained an opportunity for the judgment to be satisfied another way. A notice of entry of judgment reflecting the October 2, 2024, order for sale was filed on October 24, 2024.

The Mendozas appealed the October 2, 2024 order.

## II. DISCUSSION

In their briefing, the Mendozas raise several issues with the default judgment. The Mendozas claim that the amount of damages awarded was not supported by substantial evidence because BlackSand did not provide any documentation or proof to establish a basis for the claimed damages.[3] The Mendozas also argue that Tom Mendoza should not have been included in the judgment, as he was "employed in a staff capacity and had no authority over financial decisions or contractual obligations." Finally, the Mendozas claim that they

---

[3] In making this argument, the Mendozas acknowledge their failure to provide any financial documents, operational records, or other business records from BlackSand to assist BlackSand in calculating its estimated damages.

were denied a fair opportunity to defend themselves due to financial hardship and difficulties securing counsel.

In their responsive briefing, BlackSand argues that because the Mendozas' notice of appeal indicated that it was from the default judgment, not the order for sale of their residence, such an appeal is untimely and should be dismissed.[4] BlackSand is correct.

" '[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction.' " (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 881 (*K.J.*).) An appellant must ordinarily file the notice of appeal on or before the earliest of the following dates: (A) "60 days after the superior court clerk serves . . . a document entitled 'Notice of Entry' of judgment"; (B) "60 days after . . . [being] served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service"; or (C) "180 days after entry of judgment." (Cal. Rules of Court, rule 8.104(a)(1)(A)–(C).)

In the instant matter, while the Mendozas' notice of appeal lists October 2, 2024 as the date of the order being appealed, the actual notice indicates that the nature of the order being appealed from is a default judgment. Further, as discussed above, the arguments raised by the Mendozas in their appellate briefing only address the default judgment by challenging the amount of damages awarded, the inclusion of Tom Mendoza as a defendant, and the inability to defend themselves against the action due to financial hardship; they do not raise any issues regarding the October 2, 2024 order for the sale of their residence. Therefore, even if we were to construe the notice of appeal liberally as required under California Rules of Court, rule 8.100(a)(2),[5] it seems apparent that the Mendozas' intent was to appeal from the default judgment.

---

[4] Although the Mendozas filed a reply brief, they did not respond to this, or any other point, raised in BlackSand's brief.

[5] Under this rule, "[t]he notice of appeal must be liberally construed. The notice is sufficient if it identifies the particular judgment or order being appealed."

While the default judgment was not provided in the record on appeal, as discussed above, the trial court indicated in subsequent proceedings that the judgment was entered on June 21, 2023, and a notice of entry of judgment was served on the Mendozas on June 27, 2023. Accordingly, the last day for the Mendozas to file a notice of appeal from the default judgment order was August 28, 2023. (Cal. Rules of Court, rule 8.104(a)(1)(A).) Since the Mendozas did not file their notice of appeal until November 25, 2024, their notice of appeal is untimely, and we lack jurisdiction to review the default judgment. (See *K.J.*, *supra*, 8 Cal.5th at p. 881.)[6]

Further, to the extent the Mendozas challenge the October 2, 2024 order for sale on appeal, they have failed to present any cognizable claims on appeal for review on the merits. "We presume the trial court's judgment is correct, and to overcome that presumption appellants must affirmatively establish prejudicial error by providing an adequate record, citing to the record, and presenting a persuasive argument with citations to supportive legal authorities. [Citations.]" (*LNSU #1, LLC v. Alta Del Mar Coastal Collection Community*

---

[6] Moreover, even assuming that we did not lack the jurisdiction to review the judgment, we would be unable to reach the merits of the arguments presented by the Mendozas for the first time on appeal. "In general, a defendant's default admits the truth of the allegations in the plaintiff's complaint. [Citation.] As a result, if 'the defaulting party takes no steps in the trial court to set aside the default judgment, appeal from the default judgment presents for review only the questions of jurisdiction and the sufficiency of the pleadings.' [Citations.]" (*J.W. v. Watchtower Bible & Tract Society of New York, Inc.* (2018) 29 Cal.App.5th 1142, 1166, fn. 5.) Therefore, any arguments presented by the Mendozas regarding the sufficiency of evidence supporting the damages awarded in the judgment and the inclusion of Tom Mendoza as a defendant would not be reviewable on appeal. Similarly, as the Mendozas did not raise the issue of financial hardship or inability to find counsel until after their default was entered and the default judgment was filed, this issue was not properly before the trial court and therefore would not be cognizable on appeal. (See *People v. One 1986 Toyota Pickup* (1995) 31 Cal.App.4th 254, 259 ["the entry of a default terminates a defendant's rights to take any further affirmative steps in the litigation until either the default is set aside or a default judgment is entered. A defendant against whom a default has been entered is out of court and is not entitled to take any further steps in the cause affecting plaintiff's right of action"].)

*Assn.* (2023) 94 Cal.App.5th 1050, 1070; see also *Jameson v. Desta* (2018) 5 Cal.5th 594, 608 [noting that an inadequate record "will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court"].) It is also a well-established principle of appellate law that all factual statements in a brief must be supported by specific citations to the appellate record. (Cal. Rules of Court, rule 8.204(a)(1)(C); see also *Wentworth v. Regents of University of California* (2024) 105 Cal.App.5th 580, 595–596 [appellate courts may disregard arguments relying on factual statements unsupported by record citations].) These principles apply regardless of whether a party to an appeal is self-represented or not. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.) As noted in several instances, the Mendozas failed to provide an adequate record on appeal; moreover, their briefing contains inadequate citations to the record, and they do not raise any cognizable arguments challenging the order for sale.

In conclusion, we lack jurisdiction to review the default judgment and therefore do not reach the merits of that decision. In addition, the Mendozas have not presented an adequate record, failed to adequately cite to the record in their briefs, and have not raised any cognizable arguments challenging the order for sale. Consequently, presuming the trial court's judgment is correct on appeal, the Mendozas have failed to affirmatively demonstrate any error.

### III.  DISPOSITION

The October 2, 2024 order for sale is affirmed. To the extent the Mendozas intended to appeal from the June 21, 2023 default judgment, that appeal would be untimely and therefore not cognizable. BlackSand is awarded its costs on appeal by operation of California Rules of Court, rule 8.278(a).

8

_____

Wilson, J.

WE CONCUR:


_____

Grover, Acting P. J.


_____

Lie, J.


*BlackSand Builders Inc. vs. Mendoza et al.*
H052743